STATE OF ILLINOIS  ) SS
COUNTY OF COOK  )

ATTORNEY NO. 39903

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JENNA BLACKSTOCK,

    Plaintiff,

v.  No.

TARGET CORPORATION, a/k/a
SUPER TARGET, a/k/a
TARGET STORES,

    Defendant.

2015L008902
CALENDAR/ROOM R
TIME 00:00
Premises Liability

## COMPLAINT AT LAW

NOW COMES Plaintiff, JENNA BLACKSTOCK, by her counsel, SHIPLEY LAW GROUP, LTD. and complaining of Defendants, TARGET CORPORATION, a/k/a SUPER TARGET, a/k/a TARGET STORES, (all hereinafter TARGET), states as follows:

1. On and prior to July 13, 2014, TARGET owned, operated, maintained, controlled and managed the premises, including the interior premises commonly known by its main address as 2656 North Elston, Chicago, County of Cook and State of Illinois.

2. The aforesaid premises included the common customer entranceway, common customer aisles and merchandise display shelves placed directly to the right of the customer as the customer entered the store immediately adjacent to said common customer aisles.


EXHIBIT "A"

3. The aforesaid premises including the merchandise display shelves placed directly to the right of the customer as the customer entered the store, using the common customer aisles, were used to display merchandise as well as acting to direct the flow of customer traffic into the store.

4. The aforesaid premises including the common customer aisles and merchandise display shelves were to be used and were open for such use by members of the general public who were customers of defendant's store, including plaintiff herein.

5. The aforesaid premises including the common customer aisles were to be used and were open for such use by members of the general public who were customers of defendant's store and provided ingress into the store for those individuals including plaintiff herein.

6. The aforesaid premises including the common customer aisles used and open for such use by members of the general public who were customers of defendant's store and which provided ingress into the store contained visual cues, to wit red floor markings, which directed the path of the customer travel.

7. Notwithstanding the visual clues, no signs or warnings were posted which informed members of the general public who were customers of defendant's store, including plaintiff herein, that the configuration, size and style of the end cap of the merchandise display shelves placed directly to the right of the customer as the customer entered the store, was adjacent to the red floor marking.

8. The configuration, design and style of the end cap and its extension into the normal customer path of travel was not readily observable to customers using the common customer aisle

9. No signs or warnings were posted which informed members of the general public who were customers of defendant's store, including plaintiff herein, that the configuration, size and style of the end cap of the merchandise display shelves placed directly to the right of the customer as the customer entered the store, extended into the customer's normal path of travel.

10. The aforesaid premises also contained a merchandise display placed directly ahead and in front of the common customer aisle, the contents of said display being specifically designed to attract the customer's attention, notwithstanding the end cap configuration.

11. The use of the common customer aisle and the direction provided for the customer path of travel as a means of ingress and egress was intended and foreseeable.

12. Such unsafe condition as hereinabove described had existed for a sufficient period of time prior to said date so that TARGET knew, or in the exercise of ordinary care, should have known of said condition, in time to have remedied or repaired same and avoided injury to its customers using the common customer aisle, including plaintiff herein.

13. On and prior to said date it was foreseeable that customers of defendant, including plaintiff herein, would use the common aisle walkway and follow the visual cues as the customer entered the store.

14. On and prior to said date it was foreseeable that customers of defendant, including plaintiff herein, would use the common aisle walkway and that while using the common customer aisle the customer's attention would be specifically diverted by the merchandise display placed directly ahead within the customer's line of site.

3

15. On and prior to said date TARGET through its agents and employees, knew or in the exercise of ordinary care, should have known of the conditions and defects as alleged.

16. On and prior to said date TARGET, through its agents and employees, knew or in the exercise of ordinary care, should have known that the configuration of the common customer aisle along with the merchandise shelf end cap and merchandise display created a dangerous condition which would cause injury to its customers.

17. At all relevant times it was the duty of TARGET, through its agents and employees, to exercise ordinary care in the ownership, operation, maintenance and management of the described premises, so that said premises would be reasonably safe for the foreseeable use by its customers, including plaintiff herein.

18. On July 13, 2014, plaintiff was a customer using the common customer aisle and was caused to come into contact with said defective and unsafe condition, to wit the end cap, and was caused to fall and become injured.

19. On the day and date aforesaid, TARGET, through its agents and employees, was guilty of one or more of the following negligent acts and/or omissions:

   a. Failed to maintain the premises, including the common customer aisle in a reasonably safe condition;
   b. Failed to inspect the premises, including the common customer aisle, at frequent intervals to ensure it was in a reasonably safe condition;
   c. Permitted and allowed the premises, including the merchandise display end cap to be and remain in an unsafe and defective condition, by allowing, designing and placing the end cap in such a manner which prevented unimpeded access, ingress and egress.

    d.    Deliberately placed merchandise display shelves directly ahead of a customer's path of travel with the specific intent to draw the customer's attention to the displayed merchandise;

    e.    Failed to replace the end cap with the identical style of the remaining merchandise display shelves located within the store;

    f.    Failed to remove the red visual cues painted or placed on the floor;

    g.    Failed to change the configuration and design of the merchandise display shelving located directly to the right of the customer as the customer entered the store using the common customer aisle.

20.    As a direct and proximate result of one or more of the foregoing negligent acts and omissions of TARGET, plaintiff sustained severe and permanent injuries and damages.

WHEREFORE, Plaintiff, JENNA BLACKSTOCK, demands judgment against Defendants, TARGET CORPORATION, a/k/a SUPER TARGET, a/k/a TARGET STORES, (all hereinafter TARGET), and each of them, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS; plus costs.

SHIPLEY LAW GROUP, LTD.

BY: _____

ATTORNEY FOR PLAINTIFF

SHIPLEY LAW GROUP, LTD.
135 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
(312) 527-4545
robert.shipley@shipleylawgroup.com